UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

RICHARD PARHAM and RICARDO MORILLO,

    *Plaintiffs,*

vs.

MEDTRONIC, INC.,

    *Defendant.*

**COMPLAINT**

**Jury Trial Demanded**

CIVIL ACTION NO. _____

Plaintiffs bring this action against Medtronic, Inc. under 42 U.S.C. §§ 1981 and 1988 for discrimination in employment on the basis of race. In support of their claims for damages, plaintiffs allege:

## PARTIES

1. Plaintiff Richard Parham is African American and a resident of Smyrna, Georgia. From March 2003 until his unlawful termination on July 1, 2011, Parham was an employee of defendant Medtronic, Inc., holding the position of Director, Strategic Accounts at the time of termination. Parham at all times performed his job duties satisfactorily at Medtronic.

2. Plaintiff Ricardo Morillo is Hispanic and a resident of Flemington, New Jersey. From 2008 until his unlawful termination on July 1, 2011, Morillo was an employee of defendant Medtronic, Inc., holding the position of Director, Strategic Accounts. Morillo at all times performed his duties satisfactorily in that position.

3. Defendant Medtronic, Inc. ("Medtronic") is a Minnesota corporation with its principal place of business in Minnesota. Medtronic is in the business of developing, marketing, and selling products and services intended to treat diseases of the human body.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 because plaintiff asserts claims for violations of 42 U.S.C. §§ 1981 and 1988.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the events or omissions giving rise to plaintiffs' claims occurred in this judicial district.

## CONDUCT GIVING RISE TO VIOLATIONS OF LAW

6. In their positions as Directors, Strategic Accounts, Parham and Morillo had as their main job duty ensuring that Medtronic sales to important customers remained strong and profitable. Parham and Morillo worked in the Cardiac and Vascular Group ("Group"), where they reported to the same executives. These executives worked out of Medtronic's Minnesota headquarters. There were 15 Directors, Strategic Accounts in the Group; Parham and Morillo were the only non-white Directors.

7. Parham and Morillo excelled in their positions. As a result, they received positive performance reviews, and Medtronic awarded them regular and substantial bonuses based on the sales growth and volume that they achieved. In terms of meeting their performance targets, Parham and Morillo were consistently in the top half of the Directors in the Group.

8. Without any warning, on May 2, 2011, Parham's and Morillo's supervisor informed them that their positions were being eliminated effective July 1, 2011. With this termination notice, the supervisor cut off Parham's and Morillo's access to Medtronic email, its phone system, and

its physical facilities. This ensured that they would not be able to locate another position within Medtronic – and they did not.

9. Parham's and Morillo's supervisor's statement that they were being terminated on account of position eliminations was false. Shortly after the terminations, Medtronic filled Parham's and Morillo's positions with white, less-qualified persons.

10. Medtronic selected Parham and Morillo for termination even though their performance was superior to white Directors who retained their positions. Medtronic terminated Parham and Morillo on account of their race.

11. Medtronic selected only one other Director for termination from the Group when it terminated Parham and Morillo. Medtronic gave this Director preferential treatment not afforded to Parham and Morillo when it allowed the Director an extra 30 days to continue in his position with full access to Medtronic email, expenses, and facilities.

## MALICE

12. The conduct of defendant described hereinabove was at all times undertaken maliciously, wantonly, willfully, knowingly, and in intentional or reckless disregard of plaintiffs' legal rights.

## INJURY AND DAMAGE TO PLAINTIFFS

13. By reason of defendant's unlawful conduct described hereinabove, plaintiffs have sustained loss and damage, including, but not limited to, the following:

    a. They have lost, and continue to lose, wages and other employment compensation;

    b. They have suffered, and continue to suffer, emotional distress and humiliation; and

  c. They have expended monies for costs in the maintenance of this action.

The precise amount of plaintiffs' damages is at present undetermined, but their damages are believed to be in excess of $50,000 per plaintiff. The precise amount will be proved to and found by the trier of fact in this action.

### RACIAL DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

14. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

15. Medtronic denied plaintiffs equal rights in the enjoyment of benefits, privileges, terms and conditions of their employment relationship on the basis of their race in violation of 42 U.S.C. § 1981 when it terminated plaintiffs on account of their race and on terms less favorable than their white coworker.

16. As a direct and proximate result of the aforementioned acts and omissions of defendant, plaintiffs are entitled to recover such actual damages as they show themselves to have sustained and the trier of fact shall find, and such other and further relief as may be available under law.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully pray:

A. That the practices of defendant complained of herein be determined and adjudged to be violative of the rights of plaintiffs under 42 U.S.C. § 1981;

B. That judgment be entered in favor of plaintiffs, and against defendant, for back pay (including interest or an appropriate inflation factor), front pay, compensatory damages,

punitive damages, and damages for past and future emotional distress, harm to reputation, self-esteem and other emotional injuries, in amounts to be determined at trial;

      C.    That plaintiffs be granted attorneys' fees and the costs and expenses of this action; and

      D.    That any other further and appropriate relief available under the law be awarded as this Court finds appropriate.

### JURY DEMAND

Plaintiffs hereby request trial by jury of all issues properly triable thereby.

Dated: September 29, 2011      LAW OFFICE OF DAVID L. SHULMAN PLLC

_____
David L. Shulman (#260721)
Craig Buske (#390941)
Law Office of David L. Shulman PLLC
1005 W. Franklin Ave., Suite 3
Minneapolis, MN 55405
Tel: 612-870-7410
Fax: 612-870-7462